**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Timothy Carson Ryder, Appellant.

Appellate Case No. 2013-001916

———————

Appeal From Pickens County
J. Michael Baxley, Circuit Court Judge

———————

Unpublished Opinion No. 2015-UP-322
Submitted March 1, 2015 – Filed July 1, 2015

———————

**AFFIRMED**

———————

Appellate Defender Susan Barber Hackett, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Assistant Attorney General Mark Reynolds Farthing, both of Columbia; and Solicitor William Walter Wilkins, III, of Greenville, for Respondent.

———————

**PER CURIAM:** Affirmed pursuant to Rule 220(b), SCACR, and the following authorities: *State v. Blalock*, 357 S.C. 74, 78, 591 S.E.2d 632, 635 (Ct. App. 2003)

("Our courts have consistently held that a trial court's decision to admit evidence of a witness's prior inconsistent statement will not be reversed absent a manifest abuse of discretion."); *State v. Stokes*, 381 S.C. 390, 398, 673 S.E.2d 434, 438 (2009) ("An abuse of discretion occurs when the conclusions of the trial court either lack evidentiary support or are controlled by an error of law."); Rule 613(b), SCRE ("Extrinsic evidence of a prior inconsistent statement by a witness is not admissible unless the witness is advised of the substance of the statement, the time and place it was allegedly made, and the person to whom it was made, and is given the opportunity to explain or deny the statement.  If a witness does not admit that he has made the prior inconsistent statement, extrinsic evidence of such statement is admissible.  However, if a witness admits making the prior statement, extrinsic evidence that the prior statement was made is inadmissible."); *Blalock*, 357 S.C. at 80, 591 S.E.2d at 635 ("In determining whether a witness has admitted making a prior inconsistent statement and thereby obviated the need for extrinsic proof, the courts of our state and other jurisdictions have held that the witness must admit making the prior statement unequivocally and without qualification."); *id*. at 80, 591 S.E.2d at 636 ("Generally, where the witness has responded with anything less than an unequivocal admission, trial courts have been granted wide latitude to allow extrinsic evidence proving the statement."); *id*. at 79, 591 S.E.2d at 635 (finding a prior inconsistent statement admissible when the witness conceded multiple times she made the statement, but "she [was] simultaneously eager to explain and amend her words and intent").

**AFFIRMED.**[1]

**SHORT, LOCKEMY, and McDONALD, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.